

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

*A ll*
*art 3930 b*

WILL WILSON
ATTORNEY GENERAL

June 29, 1959

Mr. Tom Blackwell
County Attorney
Travis County
Austin, Texas

Dear Mr. Blackwell:

Opinion No. WW-658

Re: Questions relating to what items
are court costs and payable as
such by the State under the provi-
sions of Article 3912e, V.C.S.

You have requested our opinion on the following ques-
tions:

"Are the following items court cost and as
such payable by the State of Texas under the
provisions of Art. 3912e, Sec. 1:

"1. Library fee (Art. 1702 A-1, et seq. RCS)
"2. Issuing Execution (Art 3927 RCS)
"3. Issuing Abstract of Judgment (Art. 3927
RCS)
"4. Issuing Execution and/or Abstract of Judg-
ment to renew Judgment.
"5. Sheriff's fee for making return on Execu-
tion (Art. 3933 RCS) and
"6. County Clerk's fee for recording Abstract
of Judgment? (Art. 3930 RCS)

"In the event that items 5 and 6 are ruled
to be court costs and are payable by the State,
should they be paid to the District Clerk and by
him remitted to the Sheriff or County Clerk?"

Pursuant to our request for additional information
concerning Item 1, the specific question is whether the li-
brary fee provided for in Articles 1702a-1, et seq. is taxable
as costs in suits brought by the Texas Employment Commission
pursuant to the provisions of Article 5221b-12(b), Vernon's
Civil Statutes.

The library fee provided for in Articles 1702a-1,
et seq., is charged "as costs, and taxed, collected, and paid
as other costs, . . . in each civil case, except suits for
delinquent taxes, . . ."

In each suit brought by the Texas Employment Commis-
sion pursuant to the provisions of Title 83, Chapter 14,

Vernon's Civil Statutes, as amended, it is alleged:

"This suit is brought pursuant to and
under the terms and provisions of Title 83,
Chapter 14, Vernon's Civil Statutes, as
amended, and particularly Article 5221b-12(b)
thereof.  Venue is in Travis County, Texas, as
this is a suit for taxes other than ad valorem
and venue in such suits is placed in Travis
County, Texas by Articles 7076 and 7076a, Ver-
non's Civil Statutes, 1925, as amended."

James v. Consolidated Steel Corp., 195 S.W.2d 955
(Tex.Civ.App. 1946, error ref., n.r.e.), was a suit to recover
unemployment compensation contributions paid under protest.
In discussing the provisions of Articles 5221b-1, et seq., the
Court held that "it is a tax suit involving taxes levied by
the State against an employer of labor within the State."

In view of the foregoing, it is our opinion that
suits brought by the Texas Employment Commission for the re-
covery of delinquent contributions pursuant to the Texas Em-
ployment Commission Act are "suits for delinquent taxes" and
are therefore excepted from the provisions of the statutes levy-
ing a library fee as costs.

You are therefore advised that library fees provided
for under the provisions of Articles 1702a-1, et seq., should
not be taxed as costs in a suit brought by the Texas Employment
Commission for the recovery of taxes levied pursuant to the pro-
visions of Title 83, Chapter 14, Vernon's Civil Statutes, as
amended.

Article 3927, Revised Civil Statutes of Texas, 1925,
as amended, provides in part as follows:

"The clerks of the District Courts may with
the approval of the Commissioners Court receive
up to the following fees in civil cases for their
services:

". . .

"Abstracting judgment

". . .

"Issuing each execution

". . .

"Provided, however, the Judge of the District Court, may, in his discretion, prescribe one (1) fee to be paid the District Clerk for any and all services rendered in any one (1) case by the District Clerk and the fees set by the District Judge shall be in lieu of the fees prescribed in this Act for such services. The fee so prescribed shall be based on the amount fixed by the provisions of this Act for identical services and shall not exceed the total fees for such services fixed by this Act, and such fee shall be due and payable to the Office of the District Clerk upon the docketing of each case and such fees shall be considered as earned by the District Clerk upon such docketing. Any fees collected in excess of the amount prescribed by this Act shall, upon order of the District Judge, be refunded to the party paying such excess in amount." (Emphasis ours)

Since the fees provided for in Article 3927 are specifically designated by the Legislature to be fees "in civil cases," and since the Legislature has authorized the Judge of the District Court to prescribe one fee in lieu of the fees prescribed in the Act for the services of the District Clerk, it is our opinion that each of the fees for the services listed in Article 3927 are properly assessed as court costs.

Article 3933, Vernon's Civil Statutes, prescribes the fees which the Sheriff is entitled to receive for services listed therein. Among the services listed is return of execution. Generally speaking, "costs are the expenses of a suit or action which may be recovered by law from the losing party." State v. Dyches, 28 Tex. 536 (1866). In making a return of execution the Sheriff is carrying out an order of the Court in a civil case. It is our opinion that the same is properly assessed as court costs.

Article 3930, Vernon's Civil Statutes, provides a County Clerk's fee for recording an abstract of judgment. This is a recording fee rather than an expense of suit. The recordation of the abstract of judgment is made for the purpose of placing everyone on notice of the outstanding judgment and, in our opinion, falls in the same category as recording other instruments listed in Article 3930, and is not, therefore, court costs. See Attorney General's Opinion WW-906 in which it was held that the Comptroller was not authorized to issue a warrant in payment of a recording fee for recording an agricultural lease.

In view of the foregoing you are advised that the library fee (except in suits for delinquent taxes), issuing execution, issuing abstract of judgment, issuing execution and/or abstract of judgment to renew judgment, and Sheriff's fee for making return of execution, are items of court costs.

In Attorney General's Opinion WW-628 (1959), it is stated:

"It is noted that the prohibitions contained in Sections 1 and 3 of Article 3912e, Vernon's Civil Statutes, concerning the payment of fees or commissions by the State do not apply to the payment of costs in civil cases by the State where the fees earned constitute a part of the cost assessed against the State in a particular case. Therefore, such cost must be paid by the State as provided by law rather than as a fee to the individual officer."

In view of the foregoing, items listed above as court costs may be paid by the State. The County Clerk's fee for recording an abstract of judgment is not court costs and the State is prohibited from paying such fee. Attorney General's Opinions Nos. WW-508 (1959), and WW-628 (1959).

In answer to your second question, the court costs enumerated herein should be paid to the District Clerk. Attorney General's Opinion WW-628 (1959).

### S U M M A R Y

The library fee provided for in Articles 1702a-1, Vernon's Civil Statutes, et seq., is specifically taxed as court costs in civil cases, with the exception of suits for delinquent taxes. Fees listed in Article 3927, Vernon's Civil Statutes, are taxed as court costs. The Sheriff's fee for return of execution provided for in Article 3933, Vernon's Civil Statutes, is taxed as court costs. The County Clerk's fee for recording an abstract of judgment

is not court costs.  Those fees listed
above as court costs may be paid by the
State.  The library fee in cases of suits
for delinquent taxes, and the County Clerk's
fee for recording abstracts of judgment may
not be paid by the State.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
Assistant

JR:wb

APPROVED:

OPINION COMMITTEE

L. P. Lollar, Chairman

Marvin F. Sentell
Charles D. Cabaniss
Paul W. Floyd, Jr.
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert